IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JACKIE LEE TAYLOR,

    Plaintiff,

vs.                                             No. 17-2550-JPM-dkv

ARMY REVIEW BOARDS AGENCY,

    Defendant.
_____

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
_____

Before the court is the March 5, 2018 motion of the plaintiff, Jackie Lee Taylor ("Taylor"), proceeding *pro se*, for default judgment against the defendant, Army Review Boards Agency ("Army Review"). (ECF No. 14.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that Taylor's motion for default judgment be denied and that the Clerk's entry of default be set aside.

I.  PROPOSED FINDINGS OF FACT

On July 31, 2017, Taylor filed her complaint against Army Review on a court-supplied form styled "Complaint for Violation

of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1.) Army Review is within the Department of the Army, which is an agency of the United States.[1] Taylor alleges that Army Review denied her due process by failing to amend her military records to indicate that they are incomplete, and that Army review "committed nonfeasance," made false statements, and violated the Privacy Act of 1974. (Compl. ¶¶ IV, V, ECF No. 1.)

Taylor filed proof of service on August 14, 2017, indicating that she served Army Review on July 31, 2017. (ECF No. 8.) David Daniels signed the certified mail receipt as agent of Army Review. (*Id.* at 2.) On November 20, 2017, Taylor filed a motion for default judgment against Army Review. (ECF No. 10.) The Clerk denied the motion for default judgment on December 21, 2017 because Taylor did not first request entry of default. (ECF No. 11.) Subsequently, on December 27, 2017, Taylor filed a motion for entry of default, (ECF No. 12), and the Clerk made an entry of default the same day, (ECF No. 13). Taylor filed the current motion for default judgment on March 5, 2018. (ECF No. 14.) Army Review did not file a response.

II. PROPOSED CONCLUSIONS OF LAW

---

[1] On October 11, 2017, Taylor filed various memoranda and records from Army Review. (ECF No. 9.) The letterhead on these documents indicates that Army Review is part of the Department of the Army, (*id.*), which is an agency of the United States. *See* U.S. Army, Agency Details, https://www.usa.gov/federal-agencies/u-s-army.

2

Taylor did not properly serve both Army Review and the United States, as required by Federal Rule of Civil Procedure 4 for proper service on an agency of the United States; thus, default judgment is not proper. Due process requires a plaintiff to properly serve a defendant before a court can have jurisdiction over that defendant to enter a default judgment. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990)(stating the same). "The plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" *Johnson v. U.S. Postal Serv.*, No. 14-1004, 2014 WL 7365862, at *2 (W.D. Tenn. Dec. 24, 2014)(citing *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)). According to Federal Rule of Civil Procedure 4(i)(2), "[t]o serve a United States agency . . ., a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." The same rule provides that a party serving the United States must serve (1) the appropriate United States attorney or United

3

States attorney's office, and (2) the Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P. 4(i)(1).

Here, Taylor has only provided proof of service as to Army Review.  (ECF No. 8.)  Because Taylor has not properly served the United States in addition to Army Review, as required by Federal Rule of Civil Procedure 4, the court recommends that Taylor's motion for default judgment be denied.  Moreover, the Sixth Circuit has found that "if service of process was not proper, the court must set aside an entry of default."  *O.J. Distrib.*, 340 F.3d at 353 (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)); *see also Woolery v. Hardin Cty. Gen. Hosp.*, No. 15-1070, 2015 WL 2384359, at *1 (W.D. Tenn. May 19, 2015)(quoting *O.J. Distrib.*, 340 F.3d at 355)("[I]f there was defective service of process, the court 'need not weigh the three factors,' but must instead set aside the entry of default.").  Thus, it is recommended that the Clerk's entry of default be set aside.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Taylor's motion for default judgment be denied and that the entry of default against Army Review be set aside.

Respectfully submitted this 9th day of April, 2018.

s/Diane K. Vescovo

4

                    DIANE K. VESCOVO
                    CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.