**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JACKIE LEE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-2550-JPM-dkv |
| v. | ) | |
| | ) | |
| ARMY REVIEW BOARD AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND
ORDER OF DISMISSAL**

Before the Court is the Report and Recommendation on the Cross-Motions for Summary Judgment entered by the Magistrate Judge on March 29, 2019. (ECF No. 34.) Although styled as an action under 42 U.S.C. § 1983, this is an action challenging Defendant Army Review Board Agency (the "Agency")'s partial denial of Taylor's request for a change to his military records. (Complaint, ECF No. 1; see Pl. Mot. Summ. J, ECF No. 32 at PageID 833 ("I… am asking this court to consider the Administrative Procedure Act in making [its] decision.").) Specifically, Taylor appeals the Agency's August 31, 2016 decision to upgrade his discharge characterization from "Under Other than Honorable Conditions" to "Under Honorable Conditions (General)." (Complaint, ECF No. 1; Record, ECF No. 30-1 at PageID 135.) Taylor argues that the Agency should have changed his discharge to the more favorable "Honorable" designation instead. (Complaint, ECF No. 1; Record, ECF No. 30-1 at PageID

135.)   Taylor also claims that the Agency should have found that his discharge was procedurally improper and asserts that the Agency failed to correct asserted errors in his records.  (ECF No. 32 at PageID 833.)

The Magistrate Judge submits that there is no genuine dispute that the Agency's decision was supported by substantial evidence and not arbitrary nor capricious.  (ECF No. 34 at PageID 863.)   Accordingly, the Magistrate Judge recommends that the Court grant the Agency's Motion for Summary Judgment (ECF No. 31), and affirm the Agency's decision. (ECF No. 34 at PageID 864.)  Neither party has objected to the Magistrate Judge's Report and Recommendation.

## I.      Background

Taylor began active duty in the U.S. Army on June 26, 1969, and was absent without leave for eighteen months in 1970 and 1971.  (Record, ECF No. 34-1 at PageID 123.)  Taylor was returned to military control on or around August 17, 1971 and was confined at Fort Campbell, Kentucky from August 20, 1971 to November 15, 1971.  (Id. at PageID 114, 123.) On August 23, 1971, Taylor submitted a Request for Discharge for the Good of the Service in lieu of trial by court-martial.  (Id. at PageID 124-25, 138).  Taylor went absent without leave again from November 19 to November 21, 1971, before being confined again.  (Id. at PageID 114.)  Taylor's Request for Discharge was approved on December 13, 1971 and resulted in a discharge "Under Other than Honorable Conditions."  (Id. at PageID 124-25, 132.)

On April 9, 2015, Taylor filed an "Application for Correction of Military Record under the Provisions of Title 10, U.S. Code, Section 1552" with the Agency, in which he stated that he sustained Post Traumatic Stress Disorder while serving in Vietnam.  (ECF No.

30-1 at PageID 145.) Taylor requested "that [his] other than honorable discharge be upgraded to honorable and that incomplete and improperly documented records be amended and or removed from [his] military records." (Id.) On August 2, 2016, the Agency issued the following determination:

> 1. The Board determined the evidence presented is sufficient to warrant a recommendation for partial relief. As a result, the Board recommends that all Department of the Army records of the individual concerned be corrected by re-issuing the applicant's DD Form 214 (Armed Forces of the United States Report of Transfer or Discharge), for the period ending 17 December 1971, to show characterization of his service as "Under Honorable Conditions (General)" and his rank/grade as private first class (PFC)/E-3 with a date of rank of 16 December 1969.
>
> 2. The Board further determined the evidence presented is insufficient to warrant a portion of the requested relief. As a result, the Board recommends denial of so much of the application that pertains to:
>
> > a. the removal from his record or amendment of documents that he contends are either incomplete or were improperly completed as part of his separation packet; and
> >
> > b. correcting his DD Form 214, for the period ending 17 December 1971, to show the characterization of his service as "Honorable."

(Record, ECF No. 30-1 at PageID 135.)

## II.     Legal Standard

Upon reference, the Magistrate Judge may submit proposed findings of fact and dispositive recommendations to the Court. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3).

### III.    Review

The Court "may set aside the [Agency's] findings, conclusions, or actions only if they were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cty., 286 F.3d 382, 387 (6th Cir. 2002) (quoting 5 U.S.C. § 706(2)(A)).  "[A] court is not to substitute its judgment for that of the agency."  Nat'l Truck Equip. Ass'n v. Nat'l Highway Traffic Safety Admin., 711 F.3d 662, 667 (6th Cir. 2013).  The Court must "determine whether there exists a 'rational connection between the facts found and the choice made.'"  Alliance for Cmty. Media v. F.C.C., 529 F.3d 763, "A court reviewing an agency's adjudicative action should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole."  Kentucky Waterways All. v. Johnson, 540 F.3d 466, 473 (6th Cir. 2008).  "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts, 411 U.S. 138, 142 (1973).

Taylor raises three challenges to the Agency's decision.  First, he argues that the Agency was unreasonable in denying his request for an "honorable" discharge characterization.  (ECF No. 32 at PageID 833.)  Second, he claims that the Agency wrongfully concluded that his discharge was procedurally proper, because Taylor asserts that he did not receive a "Letter of Transmittal of Court Martial Charges" until after he signed his "Request for Discharge for the Good of the Service."  (Id.)  Third, Taylor argues that the Court should overturn the Agency's refusal to correct asserted inaccuracies in Taylor's service records.  (Id.)  The Court reviews the Magistrate Judge's report for clear error, because no objections have been filed in this case.  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

4

The Magistrate Judge concluded that the Agency had reasonably found that the length of Taylor's first absence and the premeditated nature of his second absence precluded an upgrade to "Honorable" discharge status. (ECF No. 34 at PageID 854-55, 859.) In support of this decision, the Agency stated, "[r]esearch has . . . shown that misconduct stemming from PTSD is typically based upon a spur of the moment decision resulting from a temporary lapse in judgment; therefore, PTSD is not a likely cause for either premeditated misconduct or misconduct that continues for an extended period of time." (ECF No. 30-1 at PageID 146.) The Agency further reasoned that "the inordinate amount of time [Taylor] went AWOL… in the first instance, as well as his premeditated AWOL from the confinement facility in the second instance, suggests his overall service did not rise to the level of a fully honorable characterization." (Id. at PageID 147.) Upon clear error review, the Court concurs that the Agency's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or contrary to law. Kentucky Waterways, 540 F.3d at 473; Kroger Co., 286 F.3d at 387.

The Magistrate Judge further recommends that the Court affirm the Agency's finding that Taylor's 1971 discharge was procedurally proper. (ECF No. 34 at PageID 855.) The Agency had found that Taylor had received a "Letter of Transmittal of Court Martial Charges" prior to his Request for Discharge. (Record, ECF No. 30-1 at PageID 138.) The Magistrate Judge recommends this finding be affirmed because Taylor himself acknowledged the charges against him when he signed his Request for Discharge. (ECF No. 34 at PageID 856.) Upon clear error review, the Court concurs that the Agency's factual finding was supported by substantial evidence. Kentucky Waterways, 540 F.3d at 473.

The Magistrate Judge also submits that the Agency's decision not to correct asserted errors in Taylor's personnel records should also be affirmed. (ECF No. 34 at PageID 860.) The Agency denied Taylor's request because it was filed forty-four years after his discharge and the relevant statute typically limits such requests to within three years. 10 U.S.C. § 1552(b). (ECF No. 30-1 at PageID 147-48.) The Agency further found that relaxing the limitations period was not in the interest of justice, because Taylor had notice of the asserted errors at the time of his discharge. (Id.) Upon clear error review, the Court concurs that the Agency's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law. Kroger Co., 286 F.3d at 387.

## IV.    Conclusion

Upon review of the administrative record and the record in this case, the Court finds that the Magistrate Judge's Report and Recommendation is not clearly erroneous nor contrary to law. Accordingly, the Court ADOPTS the Report and Recommendation and AFFIRMS the Agency's decision. The Agency's Motion for Summary Judgment is GRANTED. Taylor's Motion for Summary Judgment is DENIED. This action is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 31st day of May, 2019.

/s/ Jon McCalla<br>
JON P. McCALLA<br>
UNITED STATES DISTRICT JUDGE